## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-408 |
| | ) |
| NORDSTROM.COM LLC, | ) |
| NORDSTROM.COM INC., and | ) |
| NORDSTROM INC., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington this **16th** day of **August, 2016**, having reviewed the parties' briefing (D.I.

89, 91, 99)[1] with respect to Plaintiff Princeton Digital Image Corporation's ("Plaintiff" or

"PDIC") Motion to Set Aside Clerk's Entry of Default (*see* D.I. 89) ("Motion"), **IT IS HEREBY**

**ORDERED** that, for the reasons below and consistent with the Court's instructions below,

(1) Plaintiff's Motion is **GRANTED**; (2) Plaintiff shall file an answer in response to Intervenor

Adobe System Incorporated's ("Adobe")[2] complaint (D.I. 50), no later than **August 23, 2016**,

which shall be substantively identical to Plaintiff's answer filed in C.A. No. 13-404,[3] except that

said answer shall *not* include PDIC's counterclaim alleging breach of the implied covenant of

---

[1]All docket citations are to C.A. No. 13-408 unless otherwise specified.

[2]The Court previously granted Adobe's Omnibus Motion to Intervene as a matter of right pursuant to Rule 24(a)(2) and permissively pursuant to Rule 24(b)(1)(B). (*See* D.I. 48)

[3]*See* C.A. No. 13-404 D.I. 50.

1

good faith and fair dealing, which has been dismissed by the Court in related cases (*see, e.g.*, C.A. No. 13-404 D.I. 94); (3) Plaintiff shall compensate Adobe for attorney fees and related costs associated with all default-related filings, including Adobe's original request for default and Adobe's opposition to Plaintiff's Motion; and (4) the parties shall meet and confer and submit a joint status report, no later than **August 30, 2016**, providing their position(s) on how the Court should determine the appropriate amount to award Adobe.

In 2013, PDIC filed the above-captioned suit ("Nordstrom Suit"), along with related suits (C.A. Nos. 13-239, -287, -288, -289, -326, -330, -331, -404) (collectively, "Related Suits"), against multiple defendants, including Nordstrom.com LLC, Nordstrom.com Inc., and Nordstrom Inc. (collectively, "Nordstrom"). Nordstrom and the defendants in Related Suits are Adobe customers. On November 26, 2014 Adobe moved to intervene in the Nordstrom Suit and Related Suits. (*See, e.g.*, D.I. 14) Adobe argued that it had a right to intervene due to its customers' requests for indemnity and because of PDIC's refusal to "engage in further discussions" with Adobe, which would be necessary to "clarify and resolve" the lawsuits. (*See* D.I. 15 at 9, 11) The Court granted Adobe's motion to intervene on May 5, 2015. (*See* D.I. 48)

On May 8, 2015, Adobe filed a complaint in intervention in the Nordstrom Suit (D.I. 50) ("Complaint") and Related Suits. On May 29, 2015, PDIC filed an answer to Adobe's complaint in intervention and counterclaim in the Related Suits, but *not* in the Nordstrom Suit. (*See, e.g.*, C.A. No. 13-404 D.I. 50) PDIC's counterclaim alleged breach of the implied covenant of good faith and fair dealing. (*See id.* at 9-12) In the Related Suits, the Court granted Adobe's motion to dismiss PDIC's counterclaim on March 28, 2016. (D.I. 94 at 2) PDIC never responded to Adobe's Complaint in the Nordstrom Suit. Consequently, on March 8, 2016, the Clerk of Court

2

entered default against PDIC. (*See* D.I. 88) PDIC filed its Motion to set aside default on March 11. (D.I. 89) The parties completed briefing on PDIC's Motion on April 6. (D.I. 89, 91, 99)

The Court of Appeals for the Third Circuit has instructed district courts to consider three factors in deciding whether to set aside a default: (1) whether the party opposing a motion to set aside default (Adobe) will be prejudiced, (2) whether the party against whom default was entered (PDIC) has a meritorious defense, and (3) whether default was the result of the defaulting party's (PDIC's) culpable conduct. *See Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011). The Third Circuit "does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

Regarding the first factor, whether Adobe will be prejudiced if PDIC's Motion is granted, Adobe argues that it will be prejudiced if PDIC is permitted to "re-assert its counterclaim that the parties have fully briefed" in the Related Suits. (D.I. 91 at 6-7) The Court agrees with Adobe that this would be prejudicial. Therefore, PDIC will not be permitted to reassert its counterclaim when it answers Adobe's complaint in the Nordstrom Suit, as that precise counterclaim has now been dismissed in the Related Suits. Adobe does not allege any other form of prejudice. Therefore, this factor weighs in favor of granting PDIC's Motion.

The second factor, whether PDIC has a meritorious defense, also weighs in favor of granting PDIC's Motion. "To show a meritorious defense, a plaintiff must assert defenses that would constitute a complete defense to the action." *World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). The Court previously commented on the relative strength of PDIC's defenses. (*See, e.g.*, D.I. 93 at 33) ("Importantly, given the plausible (and possibly strong) theory of unlicensed infringement of a valid patent that has been (belatedly) articulated by PDIC, it is

3

Case 1:13-cv-00408-LPS   Document 106   Filed 08/16/16   Page 4 of 5 PageID #: 3249

difficult for the Court to conclude that these cases are of a type that the Court should seek to deter from being filed.") For the reasons already articulated by the Court in its earlier opinion on Adobe's motion for sanctions (*see generally id.* at 19-39), the Court determines that PDIC's defenses are strong enough to potentially constitute a complete defense against Adobe's claims. For example, the Court determined that PDIC's interpretation of the license agreement between PDIC and Adobe was not "unreasonable." (*Id.* at 32) If proven, PDIC's interpretation of the license agreement could provide a complete defense to Adobe's claims.

With respect to the third factor, PDIC's culpable conduct, the Court agrees with Adobe's assertion that the default resulted from PDIC's culpable conduct. (*See generally* D.I. 91 at 11-14) Adobe repeatedly contacted PDIC, offering PDIC numerous opportunities to respond to Adobe's complaint in this action. (*See id.* at 12) PDIC's refusal to answer the complaint was inexcusable, given the Court's repeated references to all *nine* cases (Related Suits plus the Nordstrom Suit) as being pending before the Court, even after Adobe filed its motion for entry of default. (*See* D.I. 89 at 3-4) This factor weighs against granting PDIC's Motion.

Weighing the three factors, the Court determines that, given the circumstances of this case, PDIC's Motion should be granted. This case will turn on issues related to interpretation of the PDIC-Adobe license agreement, issues which are common to this case and all Related Suits. Therefore, PDIC will be permitted to file an answer to Adobe's complaint in this case that only asserts defenses that are identical to those asserted in the Related Suits (other than PDIC will not be permitted to reassert the dismissed counterclaim). Given the identicality of the claims and defenses in this case and the claims and defenses in the Related Suits, there are no significant concerns of inefficiency or prejudice that would warrant deciding the issues in this case in

4

Adobe's favor based solely on PDIC's default.

Adobe requests that the Court impose monetary sanctions. (*See* D.I. 91 at 14 n.12) The Court agrees with Adobe that monetary sanctions are appropriate in light of PDIC's culpable conduct in failing to answer Adobe's complaint in this action. Therefore, the parties shall meet and confer and attempt to agree on the amount PDIC must pay Adobe as a monetary sanction. If no agreement can be reached, the parties shall present their competing proposals with the joint status report due on August 30.

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

5