Kelly E. Farnan
302-651-7705
farnan@rlf.com

April 4, 2017

**BY CM/ECF AND** 

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801-3555

        Re: *Princeton Digital Image Corporation Cases,* C.A. Nos. 13-239 (LPS) et al.

Dear Chief Judge Stark:

      Adobe Systems Incorporated ("Adobe") respectfully requests that the Court: (1) order Princeton Digital Image Corporation ("PDIC") to re-produce Mr. Meagher for a deposition at PDIC's expense to provide testimony on information within the scope of Adobe's Rule 30(b)(6) deposition topics on which he was previously unprepared, or, in the alternative, preclude PDIC from adducing testimony on those subjects at trial; (2) overrule PDIC's improper privilege objections or preclude PDIC from adducing testimony on the subjects at trial; and (3) compel PDIC's compliance with its discovery obligations by ordering PDIC to produce full transcripts of any depositions taken in any case in which PDIC asserted the '056 patent.

    **A.**    **Factual Background**

      On November 10, 2016, Adobe served PDIC with a notice of intent to depose PDIC under Rule 30(b)(6). No. 13-239 D.I. 132. At a December 21, 2016 teleconference, the Court overruled PDIC's objections to the noticed deposition topics, finding the topics relevant, discoverable, and proportionate to the needs of the case. D.I. 167 at 24:23-26:12. The Court also overruled PDIC's objections to producing its licenses with third parties, ruling that any confidentiality issues could "be dealt with through the protective order." *Id.* at 25:20-26:3.

      Adobe took the deposition of PDIC's Rule 30(b)(6) witness, Thomas Meagher, on January 19, 2017. Mr. Meagher was unprepared to answer numerous questions within the scope of the noticed topics, including whether PDIC had entered into settlement agreements with certain companies that it had sued for infringement of the '056 patent, which parties provided PDIC with declarations stating that they used Adobe products to create the accused images, and how much revenue PDIC obtained from enforcing the '056 patent. At the instruction of counsel, Mr. Meagher also refused to answer some questions relating to PDIC's pre-suit investigation, litigation conduct, and decision to dismiss its claims on privilege grounds. Mr. Meagher testified that he was previously deposed in a lawsuit against Hewlett-Packard in which PDIC asserted the '056 patent. Adobe requested that PDIC produce the transcript of that deposition, which is responsive to Adobe's Request for Production No. 11 (D.I. 125 Ex. 1 at 20), but PDIC refused.

    **B.**    **Mr. Meagher Was Unprepared For The Rule 30(b)(6) Deposition**

      Mr. Meagher was unprepared and unable to answer numerous questions within the scope of the noticed Rule 30(b)(6) topics, specifically:

1. Whether PDIC entered into a license or settlement agreement with over 20 different defendants it sued for infringement of the '056 patent, and the terms of any such settlements. Ex. 1 at 274:4-275:6, 286:1-11, 291:3-292:24, 295:8-297:14, 298:18-304:22.
2. Which defendants provided PDIC with declarations regarding their use of Adobe products, and, in particular, whether they used Scene7. *Id.* at 307:12-312:15.
3. The total amount of licensing fees PDIC has received from enforcing the '056 patent, ▮ ▮ *Id.* at 366:4-367:5.

Question 1 is within the scope of noticed deposition topics 1, 11, and 24; question 2 is within the scope of topics 17, 18, and 20, and question 3 is within the scope of topic 7. D.I. 164. As this Court has already ruled (D.I. 167 at 24:23-26:12), the requested information is relevant to establishing which defendants were Adobe customers, which defendants paid settlement amounts for which they might seek indemnity, and PDIC's motive in bringing these suits.

Under Rule 30(b)(6), "[a] corporation has an affirmative duty to produce a representative who can answer questions that are within the scope of the matters described in the notice." *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2013). A party must "prepar[e] its Rule 30(b)(6) witness on the noticed deposition topics" and "use documents … or other resources to obtain responsive information." *Id.* at 554, 556. PDIC failed to satisfy that obligation. Indeed, Mr. Meagher testified that he did not gather or review *any* documents other than the deposition notice in preparing for his deposition. Ex. 1 at 37:8-16.[1]

Nor can PDIC's failure to prepare be excused by the fact that responsive information could allegedly be obtained from PDIC's document production. *See, e.g.*, Ex. 1 at 295:8-24. If prior production of documents justified PDIC's failure to prepare its witness to testify regarding information within the scope of the noticed topics (it does not), Adobe would be unable to determine whether PDIC's production is complete. *See Knight v. Musemici*, No. 11-280, 2012 WL 1107708, at *1 (D. Del. Mar. 30, 2012) ("A Rule 30(b)(6) deposition is a customary and frequently utilized method of ascertaining the extent and location of documents within an organization[.]"). And there is reason to believe that it is not: for example, only *after* Mr. Meagher's deposition did PDIC produce a declaration from Neiman Marcus stating that it had used only Adobe software to create the images on its website during the relevant period.

PDIC should be ordered to re-produce Mr. Meagher to answer questions within the scope of Adobe's deposition notice, at PDIC's expense. *See Knight*, 2012 WL 1107708, at *2; *Opengate Capital Grp. LLC v. Thermo Fisher Scientific Inc.*, No. 13-1475, 2015 WL 5222544, at *5 (D. Del. Sept. 8, 2015) (ordering defendants to re-produce witness for deposition "at defendants' expense"). In the alternative, PDIC should be precluded from adducing testimony on these subjects at trial. Fed. R. Civ. P. 16(f)(1), 37(b)(2)(A)(ii); *Function Media, LLC v. Google, Inc.*, No. 07-279, 2010 WL 276093, at *1-3 (E.D. Tex. Jan. 15, 2010) ("When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject.").

**C.     PDIC Has Waived Attorney-Client Privilege**

Mr. Meagher refused to answer numerous questions at his deposition on attorney-client privilege or work product protection grounds, including questions related to the following topics:

1. PDIC's pre-suit investigation, including whether PDIC's counsel was involved in collecting images from defendants' websites (Ex. 1 at 233:10-19), Mr. Meagher's understanding of robots.txt (*id.* at 244:15-19), how PDIC determined what settlement amounts to demand of defendants (*id.* at 277:13-278:24), and why PDIC sent its counsel an e-mail with a claim chart concerning Apple Inc.'s alleged use of the '056 patent—an e-mail and claim chart that PDIC produced and, in response to Adobe's requests for production, cited as relevant to the alleged infringement by the defendants (*id.* at 259:7-10; *see also* D.I. 125 Ex. 1 at 9-12 (referencing the claim chart at PDIC279-81); Ex. 2).
2. PDIC's decisions to dismiss its infringement actions in the cases in which Adobe

---

[1] Mr. Meagher improperly refused to indicate how much time he spent preparing for the deposition, objecting on work product grounds. Ex. 1 at 36:16-37:7.

intervened (Ex. 1 at 72:10-16) and other cases (*id.* at 293:15-295:6).

PDIC waived any privilege that might otherwise attach to materials relating to its pre- and post-filing investigation, litigation conduct, and reasons for dismissal by selectively revealing such information and placing those documents at issue in this case. PDIC has already described part of its pre-suit investigation, including how it identified potential defendants and how it supposedly determined that those defendants were infringing the '056 patent. *See, e.g.*, Ex. 1 at 185:9-231:9 (describing pre-suit investigation); Ex. 2 (e-mail from Meagher to counsel attaching claim chart); D.I. 77 at ¶¶ 6, 9 (O'Kelly declaration describing communications with Meagher about the pre-suit investigation); D.I. 125 Ex. 6 (e-mail from Meagher concerning pre-suit investigation labeled "PRIVILEGED"). Regarding PDIC's decision to dismiss its lawsuits, PDIC stated in response to Adobe's interrogatories that it consulted with an expert to verify statements in the defendants' declarations regarding their use of Adobe products prior to dismissing the cases. D.I. 125 Ex. 2 at 19, 25. Similarly, PDIC has asserted as a defense that it dismissed its claims "to avoid significant expenses," and not due to evidence that the defendants were licensed. *Id.* at 25. Despite its affirmative statements and reliance on these facts, PDIC refused deposition testimony and seeks to shield other evidence on the very same issues.

When a party selectively discloses privileged materials, it waives privilege as to "all other communications relating to the same subject matter." *Brigham & Women's Hosp. Inc. v. Teva Pharm. USA, Inc.*, 707 F. Supp. 2d 463, 471-72 (D. Del. 2010); *see also Synalloy Corp. v. Gray*, 142 F.R.D. 266, 269 (D. Del. 1992) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword."). PDIC should not be permitted to selectively "disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position." *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 156 (D. Del. 1977). Adobe requests that PDIC be ordered to provide the requested information or, in the alternative, be prohibited from adducing testimony on these topics at trial. *See Inmuno Vital, Inc. v. Telemundo Grp.*, 203 F.R.D. 561, 564-65 (S.D. Fla. 2001) (precluding defendant from introducing evidence relating to reliance on advice of counsel where defendant asserted privilege during deposition).

**D.  PDIC Improperly Withheld And Redacted Discoverable Transcripts**

Adobe's Request for Production No. 11 sought "[a]ll fact depositions taken of any PDIC … witness in any litigation concerning the '056 Patent." D.I. 125 Ex. 1 at 20. Despite originally agreeing to produce responsive documents (*id.* at 21), PDIC now refuses to produce those transcripts on relevance and confidentiality grounds.[2] This Court has already ruled that all cases that PDIC filed asserting the '056 patent—including those in which Adobe did not intervene— are relevant, and information about those cases is discoverable. D.I. 167 at 25:3-11. PDIC's theory of infringement in those cases is relevant to establishing PDIC's theory of infringement in this case. *Cf. Apple Inc. v. Samsung Elec. Co.*, No. 11-1846, 2012 WL 1232267, at *5 (N.D. Cal. Apr. 12, 2012) (compelling production of deposition transcripts from prior actions involving similar patents). Moreover, the Court already overruled PDIC's confidentiality objections. D.I. 167 at 25:16-26:3. And PDIC itself has acknowledged the discoverability of the requested transcripts by producing a small portion of one transcript that addresses the Adobe License. The discovery rules do not permit PDIC to unilaterally withhold portions of non-privileged documents that it deems irrelevant. It must produce the requested transcripts in full.

---

[2] PDIC's counsel stated that on a further "review of the files," PDIC has determined "that there is a third deposition transcript" that includes "a brief discussion of the Adobe Agreement." Ex. 3. PDIC subsequently produced a small excerpt from that "third" deposition transcript.

                                      Respectfully,

                                      */s/ Kelly E. Farnan*

                                      Kelly E. Farnan (#4395)

KEF/lll

cc:      All Counsel of Record-CM/ECF